[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 11 December 1992 Date of Application: 28 December 1992 Date Application Filed: 22 December 1992 Date of Decision: 27 January 1998
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven, Docket No. CR6-350257.
BY THE DIVISION
The petitioner was convicted after a trial by jury of two counts of Attempted Assault 1st in violation of Conn. Gen. Stat.53a-59a(1), via 53a-49a(2). The trial court sentenced the petitioner to fourteen years to serve on the first count and to ten years, execution suspended after 6 years to serve on the second count. The sentences were imposed consecutive to each other for a total effective sentence of twenty-four years, suspended after serving twenty with five years probation.
The record shows that the crimes took place in the city of New CT Page 773 Haven. Four woman noticed the petitioner in an argument with a woman, the petitioner after seeing the woman got into a confrontation with them. He pushed and punched one woman, he then grabbed another female and assaulted her with box razor in the back of the head resulting in a two inch cut that was stapled together. Another woman tried to intervene and she was slashed in the face with the box razor that went from above her lips, through her lips and down to her chin. This injury required treatment by a plastic surgeon.
Counsel for the petitioner noted that his client claimed it was self defense. He asked the panel to reconsider the sentence imposed and reduce it to a reasonable sentence.
Petitioner when he spoke to the panel claimed the purpose of the argument with the woman that triggered this violent physical confrontation was that he was protecting his unborn child from the mothers drug habits when the victims intervened into the dispute. He asked that the sentence be reduced as he wishes to have an opportunity to be with his son and grandchildren. Petitioner wanted to exercise his responsibility as a father.
The attorney for the state disagreed with the facts as portrayed by the petitioner and noted the violence and serious physical injuries involved by the acts of the petitioner. He pointed out the petitioners considerable criminal record at both a state and federal level. Counsel made note of the petitioner's assaultive behavior crimes, and indicated that the petitioner showed no remorse for his acts. In concluding counsel stated the wounds could have been much worse based upon the weapon used and urged the panel to affirm the sentence imposed.
Pursuant to Practice Book Section 942, "The division shall review the sentence imposed and determine whether the sentence should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
In reviewing the remarks of the sentencing judge we find an effective and exhaustive recitation of his reasons for the sentence imposed. The court focused on the petitioner's lack of remorse, his inability to control himself based upon a slight or no provocation and his horrible criminal history that is replete CT Page 774 with violent and menacing crimes. The court, as the jury, found the petitioner's reasons for his acts of violence to be shallow. The court struggled with the fact that the petitioner was an older person and that most people his age have passed through the window of violence that the petitioner is capable of performing.
Considering all these factors, the sentence imposed by the court is neither inappropriate nor disproportionate. THE SENTENCE IS AFFIRMED.
Norko, J.
Klaczak, J.
Miano, J.
Norko, J., Klaczak, J., and Miano, J. participated in the hearing.